VIRGINIA: IN THE CIRCUIT COURT FOR THE COUNTY OF AMHERST

MARY A. DIGGS           Plaintiff        )
                                         )
v.                                       )
                                         )
WAL-MART STORES EAST, LP                 )
And                                      )
WAL-MART STORES, INC.                    )
doing business as Wal-Mart               )
Supercenter #2565                        )
197 Madison Heights Square               )
Madison Heights, Virginia 24572          )
A/K/A Wal-Mart, A/K/A Wal-Mart Store     )
A/K/A Wal-Mart Supercenter               )
                           Defendants    )
                                         )
Principal Office:                        )
702 SW 8th Street MS-0555                )
Bentonville, Arkansas 72716              )
                                         )
Serve: CT Corporation System             )
       Registered Agent for              )
       Wal-Mart Stores East, LP.         )
       4701 Cox Road Suite 285           )
       Glen Allen, Virginia 23060-6802   )
                                         )
Serve: CT Corporation System             )
       Registered Agent for              )
       Wal-Mart Stores, Inc.             )
       4701 Cox Road Suite 285           )
       Glen Allen, Virginia 23060-6802   )

Filed in Clerk's Office
Amherst Circuit Court

FEB 24 2017

Deborah Coffey Mozingo
*Clerk*

COMPLAINT

Case No: 17 0 0 0 0 6 0

COMES NOW, Plaintiff, Mary A. Diggs, and moves for Judgment against Defendants, Wal-Mart Stores East, LP, and Wal-Mart Stores, Inc., doing business as Wal-Mart Supercenter #2565, a/k/a Wal-Mart, a/k/a Wal-Mart Store, a/k/a Wal-Mart Supercenter Store, jointly and severally, on the grounds and in the amount as hereinafter set forth.

1. Defendant Wal-Mart Stores East, LP, doing business as Wal-Mart Supercenter #2565, a/k/a Wal-Mart, a/k/a Wal-Mart Store, a/k/a Wal-Mart Supercenter Store, hereinafter referred to


EXHIBIT A

as "Defendant Wal-Mart", is now, and was at the time of the incident on May 9, 2015, operating and managing the Wal-Mart Supercenter located at 197 Madison Heights Square, (Amherst County) Madison Heights, Virginia 24572.

2. Defendant Wal-Mart Stores, Inc., was doing business as Wal-Mart Supercenter #2565, a/k/a Wal-Mart, a/k/a Wal-Mart Store, a/k/a Wal-Mart Supercenter Store, hereinafter referred to as "Defendant Wal-Mart", is now, and was at the time of the incident on May 9, 2015, the parent corporation of the Wal-Mart Supercenter located at 197 Madison Heights Square, Madison Heights, Virginia 24572.

3. Based on the information obtained from the Virginia State Corporation commission, Defendant Wal-Mart Stores East, L.P., doing business as Wal-Mart Supercenter #2565, registered with the Commission on December 13, 2001. The corporate address for Defendant Wal-Mart Stores East, LP, doing business as Wal-Mart Supercenter #2565 is 702 SW 8th Street MS-0555, Bentonville, Arkansas 72716.

4. Based on the information obtained from the Virginia State Corporation commission, Defendant Wal-Mart Stores, Inc., a Delaware corporation, filed a certificate of authority to do business in the State of Virginia on September 12, 1983. The corporate address for Defendant Wal-Mart Stores, Inc.is 702 SW 8th Street MS-0555, Bentonville, Arkansas 72716.

5. Wal-Mart Stores East, LP, doing business as Wal-Mart Supercenter #2565, a/k/a Wal-Mart, a/k/a Wal-Mart Store, a/k/a Wal-Mart Supercenter Store is in the business of retail sales.

6. On Friday, the 9th day of May, 2015, about 6 p.m., the Plaintiff, Mary A. Diggs, was a business invitee at the Wal-Mart Supercenter Store No. 2565, located at 197 Madison Heights Square, Madison Heights, (Amherst County) Virginia 24572. Ms. Diggs obtained a shopping cart and walked over to purchase a money order at the Customer Service desk. After purchasing the

money order, Ms. Diggs shopped in the produce and grocery departments. After placing six or seven items in her cart, Ms. Diggs went to the second self-checkout counter on the right. She was in the process of reaching into her basket when she slipped on a substance. She violently fell to the floor, on her back, striking her right elbow, twisting her right ankle, wrenching her back, and rolling onto her right side. She clenched her neck muscles to keep from hitting her head and rolled on her right side. She felt immediate and severe pain in her elbow. She was wearing flat shoes with proper soles.

7. Following the slip/fall described under Paragraph No. 4 above, Plaintiff observed what appeared to be a grease puddle on the floor with brown spots in it. At least one employee of Wal-Mart was present in the vicinity of the fall. This cashier got paper towels from her station to wipe up the puddle. She advised the Manager that the puddle appeared to be chicken grease. Accordingly, Defendant Wal-Mart, through its agents and employees, knew or clearly should have known of the dangerous condition which existed and caused the Plaintiff to fall.

8. Defendant Wal-Mart as tenant, operator and/or caretaker of the property, had a duty to use reasonable care to assure maintenance of areas where their invitees traversed, had a duty to use reasonable care to assure clean up any floor spillage or substance, and to use reasonable care to assure that the area was clearly posted with multiple orange cone or some type of warning sign in order to assure that the walkway area/aisles were safe for all invitees, vendors, employees and the public in general. More specifically, Defendant Wal-Mart Stores East, LP, and Wal-Mart Stores, Inc., doing business as Wal-Mart Supercenter #2565, a/k/a Wal-Mart, a/k/a Wal-Mart Store, a/k/a Wal-Mart Supercenter Store was negligent in that it:

a. Failed to reasonably and timely inspect the floor walkway and/or self-check-out areas/aisles where this fall occurred to assure that there were no leakages, spillages, or other substances of any kind on the floor.

b. Failed to reasonably and timely clean up any product leakages, spillages, or other substances of any kind on the floor walkway and/or self-check-out areas/aisles, left by customers using self-check-out of their products, to assure there did not exist a hazardous and dangerous condition for employees, invitees, vendors and the Plaintiff, in particular.

c. Failed to reasonably and timely monitor the floor walkway and/or self-check-out areas/aisles to assure they were free from any hazardous and dangerous conditions such as leakages, spillages or other substances, and if so, that any floor hazards would be removed from the area to avoid serious injury.

d. Failed to place orange safety cones around any hazardous and dangerous conditions on the floor walkway and/or self-check-out areas/aisles.

e. Failed to assure constant clean-up maintenance of the floor walkway and/or self-check-out areas/aisles where its invitees traversed.

9. As a direct and proximate result of the negligence of Defendant, Wal-Mart Stores East, LP, and Wal-Mart Stores, Inc., doing business as Wal-Mart Supercenter #2565, a/k/a Wal-Mart, a/k/a Wal-Mart Store, a/k/a Wal-Mart Supercenter Store, Plaintiff was caused to sustain serious permanent injuries, has been prevented from transacting her business and her household duties, has suffered and will continued to suffer great pain of body and mind, mental, physical, psychological, and emotional injuries, has sustained past, present and future lost income, loss of

earning capacity and has incurred and will incur in the future, hospital, doctors' and related bills in an effort to be cured of her injuries.

WHEREFORE, Plaintiff, Mary A. Diggs, demands judgment against Defendant, Wal-Mart Stores East, LP, and Wal-Mart Stores, Inc., doing business as Wal-Mart Supercenter #2565, a/k/a Wal-Mart, a/k/a Wal-Mart Store, a/k/a Wal-Mart Supercenter Store, in the sum of Five Hundred Thousand Dollars ($500,000.00), with interest from May 9, 2015, at the statutory rate until paid and her costs in this behalf expended.

TRIAL BY JURY IS DEMANDED.

MARY A. DIGGS

_____
Gary L. Straw, Attorney for Plaintiff
Shoemaker & Straw, PLLC
103 Tradewynd Drive, Lynchburg, Virginia 24502

Gary L. Straw VSB #79118
Shoemaker & Straw, PLLC
103 Tradewynd Drive
Lynchburg, Virginia 24502
Telephone: (434) 237-4891
FAX: (434) 237-4893

 **CT Corporation**

**Service of Process Transmittal**
03/06/2017
CT Log Number 530797919

**TO:** Kim Lundy Service of Process, Legal Support Supervisor
Wal-Mart Stores, Inc.
702 SW 8th St, MS#0215
Bentonville, AR 72716-6209

**RE:** **Process Served in Virginia**

**FOR:** Wal-Mart Stores, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Diggs Mary A., Pltf. vs. Wal-Mart Stores East, LP and Wal-Mart Stores, Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Interrogatories, Request(s) |
| **COURT/AGENCY:** | Amherst County Circuit Court, VA<br>Case # CL1700006000 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 05/09/2015 - Store No. 2565, located at 197 Madison Heights Square, Madison Heights, (Amherst County) Virginia 24572 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Glen Allen, VA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/06/2017 at 10:00 |
| **JURISDICTION SERVED:** | Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after such service |
| **ATTORNEY(S) / SENDER(S):** | Gary L. Straw<br>Shoemaker & Straw, PLLC<br>103 Tradewynd Drive<br>Lynchburg, VA 24502<br>434-237-4891 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/06/2017, Expected Purge Date: 03/11/2017<br><br>Image SOP<br><br>Email Notification, Kim Lundy Service of Process ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>4701 Cox Road<br>Suite 285<br>Glen Allen, VA 23060 |
| **TELEPHONE:** | 804-217-7255 |

Page 1 of 1 / HK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# COMMONWEALTH OF VIRGINIA



## SUMMONS – CIVIL ACTION
RULE 3:5; VA. CODE § 8.01-2

Case No. CL17000060-00

AMHERST COUNTY CIRCUIT COURT

113 TAYLOR ST., P. O. BOX 462   AMHERST, VA. 24521
ADDRESS

TO:

CT CORPORATION SYSTEM

REGISTERED AGENT FOR

WAL-MART STORES, INC.

4701 COX ROAD SUITE 285
GLEN ALLEN, VIRGINIA   23060-6802

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

FEBRUARY 27, 2017     DEBORAH COFFEY MOZINGO                              Clerk
DATE
                       by  _Barbara N Ward_____
                                            DEPUTY CLERK

Instructions: _____

Hearing Official: _____

FORM CC-1400 MASTER 10/13

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF AMHERST

| | |
|---|---|
| MARY A. DIGGS, | ) |
|     Plaintiff, | ) ) ) ) |
| v. | ) Case No.: CL17000060 |
| WAL-MART STORES EAST, LP, and WAL-MART STORES, INC., d/b/a Wal-Mart Supercenter #2565, 197 Madison Heights Square Madison Heights, Virginia 24572 A/K/A Wal-Mart, A/K/A Wal-Mart Store, A/K/A Wal-Mart Supercenter, | ) ) ) ) ) ) ) ) ) |
|     Defendants. | ) |

## ANSWER

COME NOW the defendants, Wal-Mart Stores East, LP and Wal-Mart Stores, Inc. d/b/a Wal-Mart Supercenter #2565, 197 Madison Heights Square, Madison Heights, Virginia 24572 A/K/A Wal-Mart, A/K/A Wal-Mart Store, A/K/A Wal-Mart Supercenter (collectively referred to herein as "Wal-Mart"), by counsel, and file this Answer to the allegations contained in the plaintiff's Complaint and, in support thereof, state as follows:

1. With regard to paragraph 1 of the plaintiff's Complaint, Wal-Mart admits that, at the time of the incident at issue, the Walmart store in question was owned and/or operated by Wal-Mart Stores East, LP.

2. With regard to paragraph 2, Wal-Mart admits that Wal-Mart Stores, Inc., is a parent corporation of Wal-Mart Stores East, LP. Wal-Mart denies, however, that Wal-Mart Stores, Inc., is a proper party to this lawsuit.

3. With regard to paragraph 3, Wal-Mart admits that, at the time of the incident at issue, it was authorized and/or registered to conduct business in the Commonwealth of Virginia.

4. With regard to paragraph 4, Wal-Mart admits that, at the time of the incident at issue, it was authorized and/or registered to conduct business in the Commonwealth of Virginia.

5. Wal-Mart admits the allegations stated in paragraph 5.

6. With regard to paragraph 6, it is admitted that the plaintiff was on or near the premises of the Walmart store located in Madison Heights, Virginia, on or about the date at issue. Wal-Mart is currently without sufficient information to admit or deny the remainder of the allegations stated in paragraph 6 and, therefore, denies the same.

7. Wal-Mart is currently without sufficient information to admit or deny the allegations stated in paragraph 7 and, therefore, denies the same. Moreover, Wal-Mart expressly denies that it "knew or clearly should have known of the dangerous condition which existed and caused the plaintiff to fall."

8. The main part of paragraph 8 states legal conclusions that need not be admitted or denied. To the extent that paragraph 8 and each of its subparts states any factual allegations, all such allegations are denied.

    (a) Wal-Mart denies the allegations stated in paragraph 8(a).

    (b) Wal-Mart denies the allegations stated in paragraph 8(b).

    (c) Wal-Mart denies the allegations stated in paragraph 8(c).

    (d) Wal-Mart denies the allegations stated in paragraph 8(d).

    (e) Wal-Mart denies the allegations stated in paragraph 8(e).

9. Wal-Mart denies the allegations stated in paragraph 9.

10. All allegations in the plaintiff's Complaint not expressly admitted herein are denied.

## Affirmative and Separate Defenses

Wal-Mart states the following as its affirmative and separate defenses:

1. Wal-Mart denies that the plaintiff's incident occurred as described in her Complaint.

2. Wal-Mart denies being guilty of any act of negligence which proximately caused the incident in question.

3. Wal-Mart denies breaching any legal duty owed to the plaintiff.

4. Wal-Mart affirmatively avers and will make the defense at trial that the plaintiff was contributorily negligent and/or assumed the risk of her injuries, thereby barring her recovery herein, should evidence supporting such defenses be developed during the course of discovery or at trial.

5. Wal-Mart affirmatively avers and will make the defense at trial that the condition complained of was open and obvious to the plaintiff and, therefore, required no warning on its part, should such a defense be developed during the course of discovery or at trial.

6. Wal-Mart affirmatively avers and will make the defense at trial that the condition complained of does not amount to an "unsafe condition" or "defect" under Virginia law, should evidence supporting such a defense be developed during the course of discovery or at trial.

7. Wal-Mart affirmatively avers and will make the defense at trial that the plaintiff's injuries were caused by a third party or parties for whose actions it is not responsible at law, should evidence supporting such a defense be developed during the course of discovery or at trial.

3

8. Wal-Mart reserves the right to rely upon any and all defenses available to it under the law, specifically including, but not limited to, failure to file suit within the applicable statute of limitations, accord and satisfaction, and/or failure to mitigate damages, should evidence supporting such defenses be developed during the course of discovery or at trial.

9. Wal-Mart denies that the plaintiff was injured and damaged to the extent and with the consequences alleged in the Complaint and, therefore, calls upon the plaintiff for strict proof of all such alleged damages.

10. Wal-Mart demands a trial by jury.

                    WAL-MART STORES EAST, LP, and WAL-MART STORES, INC. d/b/a Wal-Mart Supercenter #2565, 197 Madison Heights Square, Madison Heights, Virginia 24572 A/K/A Wal-Mart, A/K/A Wal-Mart Store, A/K/A Wal-Mart Supercenter

By: /s/ *signature*
Of Counsel

C. Kailani Memmer (VSB No. 34673)
Victor S. ("Dinny") Skaff, III (VSB No. 40054)
GLENN ROBINSON & CATHEY PLC
Fulton Motor Lofts
400 Salem Avenue, S.W., Suite 100
Roanoke, Virginia 24016
Telephone: (540) 767-2200
Facsimile: (540) 767-2220
kmemmer@glennrob.com
vskaff@glennrob.com

*Counsel for Defendants*

4

## CERTIFICATE OF SERVICE

I hereby certify that on 22nd day of March, 2017, a copy of the foregoing Answer was sent by first-class mail to the following:

Gary L. Straw, Esq. (VSB No. 79118)
SHOEMAKER & STRAW, PLLC
103 Tradewynd Drive
Lynchburg, Virginia 24502
Telephone: (434) 237-4891
Facsimile: (434) 237-4893

*Counsel for Plaintiff*

By: _____
      Of Counsel

5