CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/8/2018
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| MARY A. DIGGS,<br><br>                                       *Plaintiff*,<br>v.<br><br>WAL-MART STORES, INC., *ET AL.*,<br><br>                                     *Defendants.* | CASE NO. 6:17-cv-00026<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

      This is a slip-and-fall case, based on diversity jurisdiction, to which Virginia law applies. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). The defendants seek summary judgment, arguing that Plaintiff Mary Diggs lacks evidence of causation and of defendants' notice of the alleged unsafe condition, and that in any event she was contributorily negligent. The Court construes the facts and reasonable inferences in Plaintiff's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). The only evidence in the record is the deposition of Plaintiff, as well as that of her companion on the day in question. The facts drawn from this evidence are: Plaintiff slipped and fell at the self-checkout scanner in Wal-Mart; after falling, she noticed a greasy spot on her pants; a Wal-Mart employee came over from a nearby kiosk and made a statement to the effect that a previous customer was eating chicken at the self-checkout scanner; the employee then wiped up a four-to-five inch undisturbed puddle of what Plaintiff infers was chicken grease (and on which she now argues is the substance she slipped).

      For premises liability cases in Virginia, a negligence plaintiff must make a *prima facie* showing that the owner had either constructive or actual notice of the unsafe condition. *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 453–54 (4th Cir. 2004); *Winn-Dixie Stores, Inc. v. Parker*, 240 Va. 180, 184 (1990); *Roll 'R' Way Rinks, Inc. v. Smith*, 218 Va. 321, 327 (Va. 1977). At

oral argument, Plaintiff's counsel conceded that Plaintiff was not advancing an "actual notice" theory, leaving her with Wal-Mart's supposed constructive notice of the chicken grease. Under a constructive notice theory, the plaintiff must show that the condition "existed for a sufficient length of time to charge" the owner with notice of it. *Hodge*, 360 F.3d at 454 (summarizing Virginia law).

This principle makes counsel's second concession—that one cannot tell from the evidence how long the chicken grease was on the floor—fatal to Plaintiff's case. All we know is that the Wal-Mart employee stated another customer was eating chicken at the self-checkout station (at which point the customer, by hypothesis, dropped the chicken grease) at some unspecified "earlier" time. This bare hazard-then-fall sequence—while a metaphysical necessity for slip-and-fall claims—is insufficient by itself to prove constructive notice. It "is as logical to assume that" chicken grease existed on the floor only an "instant" or "moments" before Plaintiff's fall "as it is to infer that it had been long enough that [Wal-Mart] should, in the exercise of reasonable care, have known about it." *Hodge*, 360 F.3d at 454 (quoting *Parker*, 240 Va. at 184); *e.g.*, *Grim v. Rahe, Inc.*, 246 Va. 239, 242–43 (Va. 1993); *Gauldin v. Va. Winn-Dixie, Inc.*, 370 F.2d 167, 170 (4th Cir. 1966); *Colonial Stores Inc. v. Pulley*, 203 Va. 535, 537–38 (Va. 1962); *Turley v. Costco Wholesale Corp.*, 220 F. App'x 179, 182 (4th Cir. 2007); *Abbott v. Kroger Co.*, 20 F. App'x 201, 201–02 (4th Cir. 2001). Consequently, Plaintiff has no negligence claim, and the defendants are entitled to summary judgment. The Clerk is directed to send a copy of this opinion and the accompanying order to counsel of record.

Entered this __8th__ day of March, 2018.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE